

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RSB
F. #2024R00506/2023R00300

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 24, 2024

By ECF

The Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Tony Terry
                Criminal Docket No. 24-CR-244 (DLI)

Dear Judge Irizarry:

      The government respectfully writes to request that the attached proposed stipulation and protective order concerning discovery materials be so ordered by the Court. The government makes this application because there are discovery materials to be produced to the defendant that contain sensitive information, and the government believes that the proposed stipulation will enable expedited production of those materials. The proposed stipulation and order, which has been signed by both parties, is respectfully attached for the Court's consideration.

      Respectfully submitted,

      BREON PEACE
      United States Attorney
      Eastern District of New York

By:   /s/ Raffaela S. Belizaire
      Raffaela S. Belizaire
      Assistant U.S. Attorney
      (718) 254-6295

Attachment

cc:    Clerk of the Court (DLI) (by ECF)
       Defense Counsel (by Email and ECF)

RSB
F. #2024R00506/2023R00300

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

TONY TERRY,

        Defendant.

- - - - - - - - - - - - - - - - -X

STIPULATION AND RULE 16(d)(1)
PROTECTIVE ORDER

No. 24-CR-244 (DLI)

        IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorney and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

        1.    Any and all discovery material designated by the government as "sensitive discovery material" and produced to the defendant TONY TERRY (the "defendant"), by the government in the above-captioned case, and any and all copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material, may be used by the defendant and defense counsel for any purpose consistent with this Protective Order in furtherance of the representation of the defendant in connection with the above-captioned indictment;

        2.    Sensitive discovery material is defined as materials that include images, recordings, statements, or identifying information of undercover law enforcement officers. Defense counsel may petition the Court at any time to challenge the government's designation of material as "sensitive discovery material";

3. Any and all sensitive discovery material produced to the defendant by the government and any copies, notes, transcripts, documents, or other information derived or prepared from the sensitive discovery material shall not be further disseminated by the defendant or defense counsel to any individuals, organizations, or other entities, other than members of the legal staff of and expert witnesses and interpreters retained by defense counsel, who shall be bound by the entirety of this Protective Order, without further notice to and consent by the government, or order by the Court;

4. Each of the individuals to whom disclosure is authorized in paragraph 3, that is, members of the legal staff of and expert witnesses and interpreters retained by defense counsel, shall be provided a copy of this Protective Order and advised that he or she shall not further disseminate any portion of the sensitive discovery material or any copies, notes, transcripts, documents, or other information derived or prepared from the sensitive discovery material except in conformity with this Protective Order;

5. The defendant may review the sensitive discovery material only in the presence of defense counsel or defense counsel's legal staff.  The defendant is prohibited from having possession, custody, or control of the sensitive discovery material, except to the extent necessary for the defendant to review the sensitive discovery material in the presence of defense counsel or defense counsel's staff.  The defendant is further prohibited from disseminating any sensitive discovery material and may not provide information from sensitive discovery material to others.  This language is not meant to limit counsel's ability to review the sensitive discovery material with the defendant by video or telephone;

6. Where the defendant and/or defense counsel wish to disclose any portion of the sensitive discovery material or any copies, notes, transcripts, documents, or other

information derived or prepared from the sensitive discovery material to any individual to whom disclosure is not authorized by paragraph 3, defense counsel must provide advance notice to the government and make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure;

       7.    None of the sensitive discovery materials nor any copies, notes, transcripts, documents, or other information derived or prepared from the sensitive discovery material shall be disseminated to, or discussed with, the media in any form.  Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding.  Where the defendant and/or defense counsel wishes to attach any portion of the sensitive discovery material to public filings made with the Court, defense counsel must provide advance notice to the government and make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure;

       8.    Nothing in this Protective Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material;

       9.    If the defendant obtains substitute counsel, the undersigned defense counsel will not transfer any portion of the sensitive discovery material or any copies, notes, transcripts, documents, or other information derived or prepared from the sensitive discovery material unless and until substitute counsel is provided a copy of this Protective Order, and substitute counsel shall be bound by the terms of this Protective Order;

10. The sensitive discovery materials and all copies thereof, whether in the possession of defense counsel or members of the legal staff of and expert witnesses and linguists retained by defense counsel who have signed this Protective Order shall be destroyed or returned to the United States Attorney's Office at the conclusion of the trial if the defendant is acquitted on all counts or, in the case of convictions either at trial or by guilty plea, upon completion of any sentencing, appeal, or collateral attack on the convictions made by the defendant in this matter; and

11. Any violation of this Protective Order (a) will require the immediate return to the United States of the sensitive discovery material and all copies thereof, and (b) may result in contempt of Court.

12.    The Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:   Brooklyn, New York
              June 24, 2024

BREON PEACE
United States Attorney
Eastern District of New York

By:   *Raffaela S. Belizaire*
Raffaela S. Belizaire
Assistant United States Attorney
(718) 254-6295

Sean Haran, Esq.
Attorney for Tony Terry

SO ORDERED
this ____ day of June, 2024

_____
THE HONORABLE DORA L. IRIZARRY
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK